UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK LYNN,

    Plaintiff,

v.                                                       Case No: 8:14-cv-2063-T-36AEP

LYLE DICKMAN and LBDIMPORTS,
LLC,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Defendants' Motion to Dismiss or, in the alternative, for a More Definite Statement (Doc. 11), and Plaintiff's response thereto (Doc. 15). The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Dismiss or, in the alternative, for a More Definite Statement.

**I.**    **Background**

According to the Complaint, Plaintiff Mark Lynn ("Lynn") sent large sums of money to Defendants Lyle Dickman ("Dickman") and LBDIMPORTS, LLC. ("LBD") over the past several years pursuant to various transactions involving the purported sale and/or restoration of a 1951 Jaguar Automobile. ("the Automobile"). Doc. 1 at p. 1. After Lynn flew to Florida, inspected the Automobile, confirmed the condition of the same and Defendants' lawful possession thereof, Lynn sent Defendants a series of payments totaling $160,000. *Id.* Lynn alleges that these dealings essentially constituted a series of "bait and switch" scams whereby Dickman was constantly seeking to change the terms of the parties' agreement(s). *Id.* Lynn's payments to Defendants were supposedly secured by the Automobile, and Defendants sent a motor vehicle title for the Automobile to Lynn as evidence of "good faith." *Id.*

The parties had a substantial history of successful "handshake" dealings, which are common in the antique car collector community, and Lynn accepted and relied upon Dickman's oral (telephone) and written (email, fax and letter) representations regarding the status, location, condition, and ownership of the Automobile and also Defendants' respective financial situation(s). *Id.* at p. 1-2.

After Dickman received substantial payments from Lynn, and granted Lynn a security interest in the vehicle, Dickman unaccountably sold the Automobile to a foreign purchaser who transported it to Ontario, Canada. *Id.* at p. 2. From 2011 until late 2013, when Lynn realized the scheme, Dickman misrepresented the Automobile's condition, location, value, and Defendants' willingness to sell the Automobile to Lynn at various prices. *Id.* Once Defendants sold the Automobile to the foreign buyer, who transported the same across the border into Ontario, Dickman sent false communications to Lynn. *Id.* Dickman first misrepresented the location of the Automobile, stating that it either remained at Defendants' shop or was at a shop in Miami. *Id.* Later, Dickman falsely claimed that a series of financial difficulties, including bankruptcy, thwarted the restoration effort and Dickman's ability to service the outstanding loans. *Id.* Later, Dickman admitted to Lynn that he was unable to repay the loan(s), but falsely claimed that the Automobile had been seized by a bank prior to Dickman declaring bankruptcy. *Id.*

Although Dickman dissolved LBD, he never declared bankruptcy as he claims. *Id.* at p. 3. Dickman retains significant assets, including a 1990 Rolls Royce. *Id.* Dickman also leads an extravagant lifestyle that involves frequent travel and gambling. *Id.* Dickman willfully, deliberately, deceitfully and maliciously perpetrated a fraud through LBD upon Lynn to obtain and continue to receive large payments based upon their claimed continued possession of the valuable antique Automobile. *Id.*

**II.     Discussion**

The complaint contains six (6) counts: (1) violation of the Federal Civil RICO statute, 18 U.S.C. 1964(c), against Defendant Lyle Dickman; (2) breach of fiduciary duty against both defendants; (3) civil theft against both defendants; (4) conversion against both defendants; (5) breach of contract against both defendants; and (6) replevin against both defendants. Defendants argue that the entire complaint should be dismissed as a shotgun pleading. The Court agrees.

In setting forth a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to and demand for relief. Fed. R. Civ. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims. *See Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. Aug. 22, 2005). Failing to comply with these rules may result in an impermissible "shotgun pleading," wherein counts often contain irrelevant factual allegations. *See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) ("[Shotgun pleadings] invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief.").

A complaint is a shotgun pleading when it contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most, if not all, of the counts contain irrelevant information and/or legal claims. *Thompson v. RelationServe Media, Inc.,* 610 F. 3d 628, 650 n. 22 (11th Cir. 2010); *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Strategic Income Fund, LLC v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)   The Eleventh Circuit has stated that, when faced with a shotgun pleading, a district court should require the plaintiff to file an amended pleading rather

than allow such a case to proceed to trial. *Anderson v. District Bd. Of Trustees of Cent. Fla. Community College,* 77 F.3d 364, 367 n.3 (11th Cir. 1996).

The Plaintiff's 28-page Complaint contains 156 numbered paragraphs, as well as several unnumbered paragraphs, detailing, among other things, the grounds for jurisdiction, parties involved, factual allegations, and causes of action. Additionally, every factual allegation is incorporated into each of the six counts making it impossible for the Court to determine which facts are relevant to each count and whether Plaintiff has stated a claim for relief. *See* Doc. 1 at ¶¶ 106, 129, 136, 140, 143, 148. For instance, the same factual allegations supporting the Plaintiff's Federal RICO claim have been realleged in the common law conversion claim. Each of these claims have different standards and require different elements. By realleging all "general allegations" in each of the six counts, Plaintiff has incorporated superfluous and irrelevant factual allegations in each of the counts. Furthermore, it is unclear how the Defendants are expected to respond to the unnumbered paragraphs that make up the first three pages of the Complaint.

Shotgun pleadings exact an intolerable toll on the court's docket. This Court will not sift through the factual allegations and decide which allegations are material to each cause of action. Therefore, the Complaint will be dismissed as it constitutes a shotgun pleading. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss or, in the alternative, for a More Definite Statement (Doc. 11) is GRANTED.

2. The Complaint (Doc. 1) is DISMISSED without prejudice.

3. Plaintiff is granted leave to file an amended complaint which corrects the deficiencies addressed in this Order within fourteen (14) days. Failure to file an amended complaint within this time period will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on January 7, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any